# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
### (Central Division)

| | |
|---|---|
| **In re**<br><br>**117 SPENCER, LLC,**<br><br>　　　　　　　　　　**Debtor.** | **Chapter 11**<br><br>**Case No. 23-40590-EDK** |
| **117 SPENCER, LLC,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**RESOURCE CAPITAL, LLC, and WILLIAM DEPIETRI,**<br><br>　　　　　　　　　　**Defendants.** | **Adv. Proc. No. 24-04025-EDK** |

### AMENDED COMPLAINT AND OBJECTION TO CLAIM

117 Spencer, LLC (the "117 Spencer"), the debtor under a confirmed plan of reorganization in the above captioned case, brings this complaint against Resource Capital, LLC ("Resource") and William Depietri ("Mr. Depietri") and an objection to the claims asserted by Resource as follows:

### PARTIES

1.　　117 Spencer is a Massachusetts limited liability company with an address of 29 Stonebrook Road, Sudbury, Massachusetts 01776.

2.　　Defendant Resource is a Massachusetts limited liability company with an address of 259 Turnpike Road, Suite 100, Southborough, Massachusetts 01772.

3.     Defendant Mr. Depietri is an individual who, upon information and belief, has addresses at 133 Seaport Blvd #2008, Boston, MA 02210, and 117 Clark Road, Wolfeboro, NH 03894.

## JURISDICTION

4.     This adversary proceeding arises in and relates to the above-captioned jointly administered bankruptcy cases.

5.     The Court has jurisdiction over the parties to this action pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105 and 1142, and Federal Rules of Bankruptcy Procedure 2020 and 3020.

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

7.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## STATEMENT OF FACTS

8.     On July 21, 2023 (the "117 Petition Date"), 117 Spencer filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

9.     On August 23, 2023 (the "136 Petition Date"), 136 Spencer, LLC ("136 Spencer") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.

10.    On May 25, 2022, Peter Venuto ("Mr. Venuto") borrowed $200,000 from Mr. Depietri individually (the "Venuto Loan"). The Venuto Loan was evidenced by a promissory note dated May 25, 2022, and bore an interest rate of eighteen percent (18%) and a default interest rate of thirty percent (30%). The Venuto Loan was for a term of thirty (30) days, and was payable in full on June 25, 2022. A copy of such promissory note is attached as Exhibit A.

11. Mr. Venuto received all of the proceeds of the Venuto Loan and used all such proceeds to buy a boat that was registered in his individual name.

12. In the late summer of 2022, Mr. Depietri began pressuring Mr. Venuto to re-pay the Venuto Loan. Upon information and belief, at the time Mr. Depietri was (and still is) embroiled in a divorce proceeding, and any assets in his individual name, including the Venuto Loan, would be part of that divorce proceeding.

13. Mr. Venuto is a real estate developer. In the winter of 2022, Mr. Venuto was in financial distress because a number of the projects in which he was involved were failing, and did not have the money to invest in those projects or to re-pay the Venuto Loan. At all times relevant to this proceeding, Mr. Depietri was aware of Mr. Venuto's financial situation.

14. In January of 2023, Mr. Depietri, recognizing that Mr. Venuto was insolvent and unable to pay the Venuto Loan, demanded that the Venuto Loan be replaced with a note executed by 136 Spencer payable to Resource (the "136 Loan"). Mr. Depietri also demanded that 117 Spencer guaranty the 136 Loan. Mr. Depietri owns and/or controls Resource.

15. Mr. Depietri also demanded that the 136 Loan be secured by a mortgage on 136 Spencer's real property, and that 117 Spencer's guaranty of the 136 Loan be secured by a mortgage on 117 Spencer's real property.

16. At the time, Mr. Depietri was aware that Mr. Venuto owned only fifty percent (50%) of the membership interests in 117 Spencer, and that the remaining ownership interests were owned by Lisa Venuto ("Ms. Venuto").

17. On January 27, 2023, 136 Spencer executed a promissory note (the "136 Note") in the amount of $225,000 in favor of Resource. The $225,000 principal balance of the 136 Note consisted of the $200,000 principal balance of the Venuto Loan plus $25,000 of default interest

on the Venuto Loan. The 136 Note has an interest rate of fourteen percent (14%) and a default interest rate of twenty percent (20%) per annum plus one percent (1%) point per month, for an effective default interest rate of thirty-two percent (32%). The 136 Note is attached as <u>Exhibit B</u>.

18. On January 27, 2023, 136 Spencer also executed a mortgage in favor of Resource to secure the 136 Note (the "<u>136 Mortgage</u>"). On January 27, 2023, 117 Spencer executed a guaranty of the 136 Note in favor of Resource (the "<u>117 Guaranty</u>") and a mortgage to secure the 117 Guaranty (the "<u>117 Mortgage</u>").

19. The 136 Mortgage was recorded against 136 Spencer's real property and the 117 Mortgage was recorded against 117 Spencer's real property.

20. 136 Spencer did not receive any money or other consideration in exchange for executing the 136 Note and the 136 Mortgage.

21. 117 Spencer did not receive any money or other consideration in exchange for executing the 117 Guaranty and the 117 Mortgage.

22. Ms. Venuto, the owner of fifty percent (50%) of the membership interests in 117 Spencer, was not informed that 117 Spencer was executing the 117 Guaranty and the 117 Mortgage. Ms. Venuto did not authorize 136 Spencer to incur the obligation to Resource or to grant the 136 Mortgage to Resource to secure that obligation. Nor did Ms. Venuto ratify the action by Mr. Venuto in causing 117 Spencer to execute the 117 Guaranty or the 117 Mortgage.

23. Mr. Depietri was aware that Mr. Venuto was in financial distress, and utilized that fact to pressure Mr. Venuto into executing the 136 Note, the 136 Mortgage, the 117 Guaranty and the 117 Mortgage.

24. On February 2, 2023, 136 Spencer paid Resource $4,500 in fees associated with the 136 Loan.

25. On February 10, 2023, only two (2) weeks after the 136 Loan documents were signed, Resource declared a default under the 136 Note, accelerated the 136 Note and began assessing interest at a rate of twenty percent (20%) per annum plus one percent (1%) per month.

26. On December 22, 2023, Resource filed a proof of claim against 117 Spencer (the "Resource 117 Claim") asserting a secured claim in the amount of $260,557.53, and asserting an interest rate of twenty percent (20%) per annum plus one (1) point per month.

27. On December 22, 2023, Resource filed a proof of claim against 136 Spencer (the "Resource 136 Claim") asserting a secured claim in the amount of $271,594.24.

## CAUSES OF ACTION

### COUNT I – DECLARATORY JUDGMENT
**(By 136 Spencer Under 11 U.S.C. § 544(b) and Mass. Gen. Laws Ch. 109A, § 5(a))**

28. 117 Spencer re-alleges and repeats the allegations above as though fully set forth herein.

**A.  136 Spencer Claims Under 11 U.S.C. § 544(b) and Mass. Gen. Laws Ch. 109A, § 5(a).**

29. Pursuant to section 544 of the Bankruptcy Code, 136 Spencer may avoid a transfer of an interest in property and/or an obligation incurred that is voidable under applicable law by a creditor. The Massachusetts Uniform Fraudulent Transfer Act (the "UFTA"), Mass. Gen. Laws ch. 109A, § 1 *et seq*. constitutes such a state law.

30. Within four (4) four years prior to the 136 Petition Date, 136 Spencer incurred the obligation to Resource arising from the 136 Note (the "136 Obligation") and Resource received a transfer of an interest in property upon the recordation of the 136 Mortgage (the "136 Transfer").

31. Claims against 136 Spencer allowable under section 502 of the Bankruptcy Code arose before or after the date of the 136 Obligation and the 136 Transfer.

32. 136 Spencer did not receive a reasonably equivalent value in exchange for either the 136 Obligation or the 136 Transfer.

33. At the time of each of the 136 Obligation and the 136 Transfer, 136 Spencer (a) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (b) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

34. Pursuant to section 5(a) of the UFTA, the 136 Obligation and the 136 Transfer were fraudulent as to 136 Spencer's creditors and are avoidable under the section 8 of the UFTA and section 544(b) of the Bankruptcy Code.

**B.     136 Spencer Claims Under 11 U.S.C. § 544(b) and Mass. Gen. Laws Ch. 109A, § 6(a).**

35. At the time the 136 Obligation was incurred and the 136 Transfer was made, 136 Spencer was insolvent or became insolvent as a result of incurring the 136 Obligation and the 136 Transfer.

36. Pursuant to section 6(a) of the UFTA, the 136 Obligation and the 136 Transfer were fraudulent as to 136 Spencer's creditors and are avoidable under section 8 of the UFTA and section 544(b) of the Bankruptcy Code.

**C.     136 Spencer Claims Under 11 U.S.C. § 548.**

37. The 136 Obligation and the 136 Transfer occurred within two (2) years prior to the 136 Spencer Petition Date.

38. 136 Spencer received less than a reasonably equivalent value in exchange for the 136 Obligation and the 136 Transfer.

39. The 136 Obligation and the 136 Transfer were made (a) at a time when 136 Spencer was engaged or was about to be engaged in a business and transactions for which 136 Spencer's remaining assets were unreasonably small in relation to the business and transactions, (b) at a time when 136 Spencer intended to incur, or believed or should reasonably have believed that it would incur, debts beyond its ability to pay as they became due, (c) at a time when 136 Spencer was insolvent, or (d) with the result that 136 Spencer became insolvent as a result of the 136 Obligation and the 136 Transfer.

40. 136 Spencer is entitled to a judgment against Resource under Section 548 of the Bankruptcy Code avoiding the 136 Obligation and the 136 Transfer.

41. 117 Spencer asserts that the 117 Guaranty and the 117 Mortgage are void because (a) 117 Spencer received no consideration in exchange for executing the 117 Guaranty and the 117 Mortgage; (b) the execution of the Guaranty and the granting of the 117 Mortgage were not authorized or ratified by Ms. Venuto; and (c) the underlying obligation of the 136 Note is void.

42. To the extent Resource has asserted a right to enforce the 117 Guaranty and the 117 Mortgage, an actual controversy exists as to the validity and enforceability of the 117 Guaranty and 117 Mortgage, and 117 Spencer is entitled to a judgment declaring the 117 Guaranty and 117 Mortgage void and unenforceable.

### COUNT II – DECLARATORY JUDGMENT
**(Default Interest Charged by Resource Should be Disallowed as a Penalty)**

43. 117 Spencer re-alleges and repeats the allegations above as though fully set forth herein.

44. Resource has filed proofs of claim premised upon the 136 Note pursuant to which it seeks to recover interest at the default rate of 20% per annum plus one percent (1%) per month,

plus points and other fees. The effective rate of interest being charged by Resource is in excess of thirty-two percent (32%).

45. The default rate of interest sought to be collected by Resource is not reasonably related to any enhanced risk or increased cost and is an unenforceable and unlawful penalty.

46. Any claims asserted against 117 Spencer should be disallowed to the extent that they seek to recover default interest.

47. 117 Spencer asserts that the default rate of interest set forth in the 136 Spencer Note and included in the Resource Proof of Claim is not a commercially reasonable rate of interest based upon a genuine pre-estimate of loss factor risk and cost, but instead an unenforceable penalty.

48. To the extent Resource seeks to receive default interest, an actual controversy exists as to its enforceability and 117 Spencer is entitled to a judgment declaring the default interest void and an unenforceable penalty.

## COUNT III
**(Against Resource and Depietri For Aiding And Abetting Breach of Fiduciary Duty)**

49. 117 Spencer re-alleges and repeats the allegations above as though fully set forth herein.

50. At all times relevant to this proceeding, Mr. Venuto was the manager of 117 Spencer and owed 117 Spencer and Ms. Venuto both a fiduciary duty of care and a fiduciary duty of loyalty in that capacity.

51. Mr. Venuto received all of the benefit of the Venuto Loan and used it solely for his personal benefit.

52. When Mr. Venuto was unable to repay the Venuto Loan, Mr. Depietri and Resource compelled Mr. Venuto to use his power as the manager of 136 Spencer to make 136

Spencer sign the 136 Note, and to use his power as the manager of 117 Spencer to make 117 Spencer sign the 117 Guaranty and the 117 Mortgage.

53. 117 Spencer did not receive any benefit from executing the 117 Guaranty or the 117 Mortgage.

54. Causing 117 Spencer to execute the 117 Guaranty and the 117 Mortgage was a breach of Mr. Venuto's duties of care and loyalty.

55. Mr. Depietri and Resource were aware that Mr. Venuto was breaching his fiduciary duties to 117 Spencer and Ms. Venuto by causing 117 Spencer to execute the 117Guaranty and the 117 Mortgage.  Mr. Depietri and Resource actively participated or substantially assisted in or encouraged Mr. Venuto's breach of his fiduciary duties to such a degree that they could not reasonably have been acting in good faith.

56. 117 Spencer and Ms. Venuto have been damaged by Mr. Venuto's breach of his fiduciary duties in an amount to be determined at trial.

### COUNT IV
### (Against Depietri For Damages From Unfair And Deceptive Acts And Practices)

57. 117 Spencer re-alleges and repeats the allegations above as though fully set forth herein.

58. Mr. Depietri has engaged in trade and commerce within the Commonwealth of Massachusetts, and the acts that give rise to this claim occurred substantially within the Commonwealth of Massachusetts.

59. Mr. Depietri has engaged in unfair and deceptive conduct, including the following:

   a. Charging interest on the Venuto loan substantially in excess of the maximum rate permitted by Massachusetts law and seeking to recover such amounts from 117 Spencer;

    b.    Assessing a penalty for default substantially in excess of any reasonably contemplated loss or cost resulting from a default;

    c.    Using Venuto's dire financial situation to extract concessions and agreements from Venuto, including compelling Venuto to agree to the 136 Obligation, 136 Transfer, the 117 Guaranty and 117 Mortgage;

    d.    Using Venuto's dire financial situation to cause Venuto to breach his fiduciary duty to 117 Spencer and cause 117 Spencer to execute and deliver a guaranty and mortgage without consideration and to the detriment of 117 Spencer and its members; and

    e.    Compelling Venuto to cause 136 Spencer to execute the Note and Mortgage to Resource, and 117 Spencer to execute the 117 Guaranty and 117 Mortgage, caused Resources to use its leverage to force 136 Spencer and 117 Spencer to pay the debt of Venuto.

60.    Mr. Depietri's conduct was willful and intentional, entitling 117 Spencer to recover treble the amount of actual damages plus costs, including reasonable attorneys' fees.

### COUNT V
### (Against Resource For Damages From Unfair And Deceptive Acts And Practices)

61.    117 Spencer re-allege and repeat the allegations above as though fully set forth herein.

62.    Resource has engaged in trade and commerce within the Commonwealth of Massachusetts, and the acts that give rise to this claim occurred substantially within the Commonwealth of Massachusetts.

63.    Resource has engaged in unfair and deceptive conduct, including the following:

    a.    Using Venuto's dire financial condition as leverage, compelling Venuto to cause 136 Spencer and 117 Spencer to enter into the 136 Spencer Note and Mortgage and the 117 Guaranty and Mortgage;

    b.    Charging interest on the 136 Spencer Note at a rate in excess of the maximum rate of interest permitted y Massachusetts law and seeking to recover such amounts from 117 Spencer;

    c.    Using its leverage to cause Venuto to execute the 136 Note, 136 Mortgage, 117 Guaranty and the 117 Mortgage, knowing that neither 136 Spencer nor 117 Spencer would be able to perform, resulting in Resource declaring a default within two (2) weeks of their execution;

    d.    Using its leverage to obtain the mortgage on the 136 Spencer property and 117 Spencer property to secure an obligation for which neither received any consideration and were not otherwise liable.

    e.    Using its leverage to impose a default rate of interest that was not reasonably related to any loss, risk or cost, but was a penalty to extract further property and money from 136 Spencer and 117 Spencer.

64.    Resource's conduct was willful and intentional, entitling 117 Spencer to recover treble the amount of actual damages plus costs, including reasonable attorneys' fees.

## COUNT VI
### (Breach of the Covenant of Good Faith and Fair Dealing)

65.    117 Spencer re-alleges and repeats the allegations above as though fully set forth herein.

66.    Under Massachusetts law Resource and Mr. Depietri owe 117 Spencer a duty of good faith and fair dealing in the execution and performance of all contracts. The actions of Resource and Mr. Depietri set forth in this complaint have violated that duty.

67.    As a direct result of such violation, 117 Spencer has suffered consequential damages for which Resource and Mr. Depietri are liable.

## COUNT VII
### (Objection to Claims)

68.    117 Spencer re-alleges and repeats the allegations above as though fully set forth herein.

69.    The Resource 117 Claim should be disallowed under section 502(b)(1) of the Bankruptcy Code for the reasons set forth above in this complaint.

WHEREFORE, 117 Spencer requests that the Court enter the following judgments:

a. Pursuant to Count I, declaring that the 117 Guaranty, the 117 Mortgage and any related documents are void and of no effect;

b. Pursuant to Count II, disallowing so much of the Resource 117 Claim that constitutes a penalty;

c. Pursuant to Count III, awarding damages, in an amount determined at trial, against Resource and Mr. Depietri for aiding and abetting breach of fiduciary duties;

d. Pursuant to Count IV, awarding damages, in an amount determined at trial, against Mr. Depietri for his unfair and deceptive acts and practices, including treble the damages and costs, including attorneys' fees;

e. Pursuant to Count V, awarding damages, in an amount determined at trial, against Resource for it unfair and deceptive acts and practices, including treble the damages and costs, including attorneys' fees;

f. Pursuant to Count VI, awarding damages, in an amount to be determined at trial, against Resource and Mr. Depietri for the breaches of their duty of good faith and fair dealing;

g. Pursuant to Count VII, disallowing and expunging the Resource 117 Claim; and

h. For such other and further relief as this Court deems just and proper.

>117 Spencer, LLC,
>By its attorneys,
>
>/s/ *D. Ethan Jeffery*
>D. Ethan Jeffery (BBO #631941)
>MURPHY & KING, P.C.
>28 State Street, Suite 3101
>Boston, MA  02109
>Phone: 617-423-0400
>Email: ejeffery@murphyking.com

Dated: October 8, 2024

## **VERIFICATION**

      I, Lisa Venuto, state under the pains and penalties of perjury that the information set forth in this complaint is true and accurate to the best of my knowledge and understanding.

                                  /s/ *Lisa Venuto*
                                  Lisa Venuto

Signed this 8th day of October, 2024

**EXHIBIT A**

# PROMISSORY NOTE

Amount $ 200,000.00    Date: 5-25-22

FOR VALUE RECEIVED, (TO) Peter M Veneto, the undersigned, promises to pay to the order of (FROM) William Demetri _____, the sum of two hundred Thousand Dollars ($ 200,000.00), payable in full on 6-25-22, with interest accruing at a rate of 18 % annually.

In addition to principal and interest payments the undersigned shall pay all related legal fees in the amount of $ 0, points in the amount of $ 0, and any miscellaneous fees in the amount of $ 0.

ANY partial payments are to be applied on account of the principal amount due. The entire unpaid balance of the Debt shall become due and payable on 6-25-22, if debt is not paid at this date, a penalty of $ 5,000.00 per month will be charged.

This note shall, at the option of the holder become immediately due and payable, without notice or demand upon occurrence of any of the following events (a) failure to pay any installment on the due date thereof: (b) appointment of a Receiver, assignment for the benefit of creditors, adjudication in bankruptcy by or against any of the undersigned, or any endorser or guarantor hereof or any party hereto.

The liability of each of the undersigned hereunder shall be absolute and unconditional without regard to the liability or any other party. Each and every party to this instrument, ether as maker, endorser, guarantor, surety or otherwise, hereby waives presentment, demand for payment, notice of dishonor, protest, and any and all notices and demands in connection with the performance, default or enforcement of this note, and consents to any and all extensions or postponements of the time of payment or other indulgence, renewals, waivers, substitutions, exchanges, releases of collateral granted or permitted by the holder.

If after any default, the holder shall place this note with an attorney for collection, then, if permitted by law, the undersigned agrees to pay all costs and expenses of such action, and a reasonable attorney's fee in no event shall be less than twenty-five ($25.00) Dollars.

Witness: _____    Signed: _____

Date: 5/25/2022    Date: 5-25-22

**EXHIBIT B**

Case 24-04025   Doc 19   Filed 10/08/24   Entered 10/08/24 15:03:10   Desc Main
Document    Page 17 of 20

## COMMERCIAL PROMISSORY NOTE

**$ 225,000.00**                                                                 Southborough, Massachusetts
                                                                                             January 27, 2023

FOR VALUE RECEIVED, **136 Spencer, LLC** herewith having a usual place of business at **29 Stonebrook Road, Sudbury, MA 01776** (the "Borrower"), promise to pay to the order of **RESOURCE CAPITAL, LLC** a Massachusetts limited liability company having an address at 259 Turnpike Rd., Suite 100, Southborough, MA 01772 (the "Lender"), or such other place as the Lender hereof shall designate, **Two Hundred Twenty-Five Thousand and 00/100 ($ 225,000.00) Dollars** (the "Principal"), together with interest thereon on the unpaid Principal balance from the date hereof at the rate of **Fourteen and 00/100 (14%) percent** per annum (the "Rate").  Consecutive monthly payments of interest only shall be due beginning **February 10, 2023** and shall continue on the 10th day of each and every month thereafter until the Note is paid in full or until **July 26, 2023**, on which date all remaining amounts of principal and interest and other charges or fees due hereunder shall be paid in full. Interest shall be calculated on the basis of a Three Hundred Sixty Five (365) day year and, upon default or maturity, whether by acceleration or otherwise, shall be at the fixed rate of Twenty 00/100 (20%) percent per annum, plus one (1) point per month until paid in full.

Provided, however, if the Borrower, on the Maturity Date, is not in default of any of its obligations to the Lender, the Borrower shall have the right to extend the Maturity Date to **January 22, 2024** (One Hundred Eighty (180) days after the original Maturity Date) by delivering written notice (the "Notice") to the Lender at the Lender's address set forth above, or such other place as the Lender shall designate, no later than thirty (30) days prior to the Maturity Date. The Notice shall set forth the Borrower's intention to exercise its right to extend as aforesaid.  The Borrower shall not extend more than **Two (2) times during the life of the loan, and each said extension shall be for One Hundred Eighty (180) days, for payment of Five Thousand ($5,000.00) Dollars due upon each extension. The fee for said extension is due at said extension. Upon the extension the interest rate will remain at 14% per annum.  Borrower may not extend past July 20, 2024** absent written Agreement between the parties.

Prepayments of Principal balance in full may be made without penalty, premium or charge except that except that the minimum earned interest on this Note shall not be less than 180 days from this date.

It is understood that the Borrower shall pay the Lender an Origination Fee of Four Thousand Five Hundred and 00/100 Dollars ($ 4,500.00) at closing.

At the option of the Lender, this Note shall become immediately due and payable without notice or demand upon the occurrence at any time of any of the following events of default: (1) default of any liability, obligation or undertaking of the Borrower, hereunder or otherwise, including failure to pay in full in or within ten (10) days of when due; (2) if any statement, representation or warranty heretofore, now, or hereafter made in connection with the loan evidenced by this Note, or in any supporting financial statement of the Borrower or of any endorser or guarantor hereof shall be determined by Lender to have been false when made in any material

1

respect; (3) if the Borrower or any endorser or guarantor is a corporation, trust or partnership, the liquidation, termination or dissolution of any such organization, or the merger or consolidation of such organization in to another entity or its ceasing to carry on actively its present business or the appointment of a receiver for its property; (4) the death of the Borrower or of any endorser or guarantor or any present or future member of the Borrower; (5) the institution by or against the Borrower or any endorser or guarantor hereof of any proceedings under the Bankruptcy Code 11 USC §101 et seq. or any other law in which the Borrower or any endorser or guarantor hereof is alleged to be insolvent or unable to pay their respective debts as they mature or the making by the Borrower or endorser or guarantor hereof of an assignment for the benefit of creditors or the granting by the Borrower or endorser or guarantor hereof of a trust mortgage for the benefit of creditors; or (6) the occurrence of such a change in the condition or affairs (financial or otherwise) of the Borrower or of any endorser, guarantor or other surety for any obligation of the Borrower to Lender, or the occurrence of any event or circumstance such that the holder, in its sole discretion, exercised reasonably, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Borrower to holder has been or may be impaired.

Any payments received by the Lender on account of this Note prior to demand shall be applied first, to any costs, expenses, or charges then owed to the Lender by the Borrower, second, to accrued and unpaid interest, and third, to the unpaid principal balance hereof. Any payments so received after demand shall be applied in such manner as the Lender may determine.

The Borrower represents to the Lender that the proceeds of this Note will not be used for personal, family, or household purposes.

No delay or omission on the part of the Lender or holder in exercising any right hereunder shall operate as a waiver of such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The Borrower and every other maker and every endorser or guarantor of this Note, regardless of the time, order or place of signing, waives presentment, demand, protest and notices of every kind and assents to any extension or postponement of the time of payment or any other indulgence, to any substitution, exchange or release of collateral, and to the addition or release of any other party or person primarily or secondarily liable.

The Borrower and each endorser and guarantor of this Note agree to pay, upon demand, costs of collection of the principal of and interest on this Note, including without limitation reasonable attorneys' fees.

This Note shall be binding upon the Borrower and each endorser and guarantor hereof and upon their respective heirs, successors, assigns, and representatives, and shall inure to the benefit of the Lender and its successors, endorsees, and assigns.

The liabilities of the Borrower and any endorser or guarantor of this Note are joint and several; provided, however, the release by the Lender of the Borrower or any one or more endorser or guarantor shall not release any other person obligated on account of this Note. Each reference in this Note to the Borrower, any endorser, and any guarantor, is to such person individually and

2

also to all such persons jointly. No person obligated on account of this Note may seek contribution from any other person also obligated unless and until all liabilities, obligations, and indebtedness to the Lender of the person from whom contribution is sought have been satisfied in full. The release or compromise by the Lender of any collateral shall not release any person obligated on account of this Note

This Note shall be governed by the laws of The Commonwealth of Massachusetts and shall take effect as a sealed instrument.

This Note is secured by a first mortgage on property located at 136 Main Street, Spencer, MA

3



THE BORROWER, EACH ENDORSER AND THE LENDER EACH HEREBY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION THIS NOTE, THE OBLIGATIONS, IN ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH. EACH BORROWER, ENDORSER AND GUARANTOR CERTIFIES THAT NEITHER THE LENDER NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE LENDER WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING; SEEK TO ENFORCE THISWAIVER OF RIGHT TO TRIAL BY JURY. BORROWER FURTHER ACKNOWLEDGES THAT THE BELOW MENTIONED PROPERTY IS COMMERCIAL AND NOT RESIDENTIAL IN NATURE, THAT THIS LOAN IS A COMMERCIAL LOAN AND UNDER NO CIRCUMSTANCES WILL BORROWER DECLARE THE BELOW PROPERTY AS HIS RESIDENCE.

BORROWER:

136 Spencer, LLC

_____
Peter M. Venuto, Manager

_____
Witness:

4